UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORP., a California corporation, and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | No.  2:20-cv-01861-JAM-AC<br><br>**ORDER DENYING MOTION TO REMAND** |

　　On June 18, 2021, Sondra Smith ("Plaintiff") filed a motion to remand this action to Sacramento County Superior Court. See Mot., ECF No. 14-2.  Costco Wholesale Corporation ("Defendant") filed an opposition.  See Opp'n, ECF No. 20.  Plaintiff replied. See Reply, ECF No. 23.  For the reasons set forth below, the Court DENIES Plaintiff's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 24, 2021.

1

I.   OPINION

    A.   Request for Judicial Notice

    Defendant requests the Court take judicial notice of two documents already on the docket: (1) Defendant's Removal Documents at ECF No. 1 and (2) the Status Pre-Trial Scheduling Order at ECF No. 5.  See Def.'s RFJN, ECF No. 20-1.  While this request is unnecessary and duplicative as these documents are already on the docket, the Court nevertheless grants the request because matters of public record include "documents on file in federal or state courts."  Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

    B.   Analysis

    Defendant contends the motion is procedurally improper for two reasons: (1) because Plaintiff failed to meet and confer prior to filing and (2) because Plaintiff failed to timely file the motion.[2]  Opp'n at 3-7.  As an initial matter, Defendant is correct that "failure to comply with the [Court's] meet and confer requirement…result[s] in the dismissal, without prejudice of the offending party's motion."  Order re Filing Requirements at 2, ECF No. 2-2 (emphasis added).  However, even if Plaintiff had complied with this requirement, the more significant procedural defect is Plaintiff's failure to timely file the motion.  See Opp'n at 4-7.

///

///

---

[2] As the Court denies Plaintiff's motion on procedural grounds, it does not reach Defendant's additional substantive arguments as to why diversity jurisdiction exists.  See Opp'n at 7-9.

2

A motion to remand must be filed within 30 days of the notice of removal if it is on the basis of any defect other than lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant argues the 30-day rule applies here because Plaintiff's motion challenges defects with the notice of removal as opposed to the Court's subject matter jurisdiction. Opp'n at 5. Specifically, the two alleged defects with the notice of removal are that "Costco use[d] the wrong criteria to estimate the value of Plaintiff's case" and "Costco's notice of removal was untimely." Id. (citing to Mot. at 4-11). Accordingly, Plaintiff had 30 days to file a motion to remand based on those alleged defects. She did not: the notice of removal was filed on September 15, 2020, but Plaintiff did not file this motion until June 18, 2021, more than eight months later. See Mot. Under 28 U.S.C. § 1447(c), she is foreclosed from raising these defects now and her motion must be denied.

Nowhere in her reply brief does Plaintiff challenge Defendant's characterization of the motion as an attack on defects with the notice of removal. See Reply. Nor does she respond to Defendant's legal argument as to the application of the 30-day rule. Id. Plaintiff's failure to address this argument constitutes waiver of that argument. See e.g. Resnick v. Hyundai Motor Am., Inc., No. CV 16-00593-BRO (PJWx), 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) (dismissing claims where the plaintiff failed to address defendants' argument in opposition, thereby waiving the argument); Richardson-Bass v. State Center Cmty. College District, No. 1:19-cv-01566-AWI-SAB, 2020 WL 5658225, at *15 (E.D. Cal. Sept. 23, 2020)(same).

II. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: September 22, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4